ELIAS DREWRY *v.* JOHN D. HOPPER ET AL.

WITNESSES. *Estate of decedent. Code* 1892; § 1740.

> The death of one of the parties to a suit, after the taking of the depositions of both, will not warrant, when the suit is revived, the use of the decedent's and the suppression of the living party's deposition. The case, if within the letter, is without the spirit of code 1892, § 1740, providing that "a person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person," etc.

FROM the chancery court of Tippah county.

HON. JAMES C. LONGSTREET, Chancellor.

William M. Hopper, deceased, the ancestor of the appellees, was the original complainant in the court below; after his death the suit was revived in the name of John D. Hopper and others, appellees. Drewry, appellant, was defendant in the court below. From a decree in complainants' favor the defendant appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Thomas Spight,* for appellant.

The court below erred in suppressing appellant's deposition. "Absolute equality is sought by the statute." *Duncan* v. *Gerdine,* 59 Miss., 557. This could only be accomplished by admitting testimony of both parties. It is only when one party is dead and cannot be heard that the law denies to the living adversary the right to testify. "When one is silenced by death, the other is silenced by law." *McCutchen* v. *Rice,* 56 Miss., 455.

"When death has placed the evidence of one of the parties beyond the pale of the court, the other shall not be heard; both are dead." *Jacks* v. *Bridewell,* 51 Miss., 881. In *Hewlett* v. *Ragsdale,* 68 Miss., 703, it was conceded by counsel and not disputed by the court that if the depositions of both the living and the dead had been previously taken, that of the living would not be incompetent. In *Strickland* v. *Hudson,* 55 Miss., 235, the very question involved here was raised, and by the court decided as I contend, Justice Campbell saying in the opinion in that case: "When the testimony of the deceased party is made available in the controversy, it would shock justice to deny the right of the living party to be heard as to the matters covered by that testimony."

*Charles M. Thurmond,* for appellees.

The argument of appellant's counsel is, that because the deposition of appellee's ancestor was read and considered by the court below, therefore, the mouth of appellant should have been opened, and his testimony read and considered.

Sec. 1740 of the code of 1892 makes no such provision. The language of that statute is clear and plain. There are no exceptions of that kind. Had the legislative mind intended that such an exception should have been made, surely it would have made it in express terms. But this court has in more cases than one passed upon the point. *Hewlett* v. *Ragsdale,* 68 Miss., 703; *Neblett* v. *Neblett,* 70 Miss., 572; *Ragsland* v.

*Land Company,* 71 Miss., 309; *Wetherbee* v. *Roots,* 72 Miss., 357; *Saffold* v. *Horne,* 72 Miss., 470; *Jacks* v. *Bridewell,* 51 Miss., 51; *Green* v. *Mizelle,* 54 Miss., 220; *Rotchschild.* v. *Hatch,* 54 Miss., 554; *Jackson* v. *Smith,* 53 Miss., 68; *Duncan* v. *Gerdine,* 59 Miss., 550.

TERRAL, J., delivered the opinion of the court.

This is a suit brought by W. M. Hopper against Elias Drewry to rescind an exchange of real estate between them on the ground of a great disparity of value between the places, and of the overreaching of him by Drewry, his son-in-law, in whom it is alleged he had great confidence. Hopper having died before the hearing of the case, it was revived in the names of the appellees, as his personal representatives. It was submitted to the chancery court of Tippah county for a decision upon many depositions taken upon each side. Before the death of Hopper, his own deposition, and that of the defendant, Drewry, were taken. Upon motion of the appellees, the deposition of Drewry, which covered all the matters in contest, was suppressed and held for naught, and the deposition of Hopper was retained and considered on the hearing of the case. The defendant below excepted to the exclusion of his evidence, and assigns such exclusion as error. The status of the case before the chancellor may be summarized as follows: There was little or no evidence of any great confidence being placed by Hopper in Drewry in the making of an exchange of places. Some eight or nine witnesses deposed that the place exchanged by Hopper with Drewry was worth from $200 to $250 more than the place exchanged by Drewry with him. About seven witnesses testified that the place given by Drewry in exchange for Hopper's place was worth $100 more than the latter. Two witnesses said that Hopper admitted that the rent he received from the Drewry place was two or three times greater than what he had formerly received for his old place. The court adjudged a rescission of the exchange. The testimony of defendant, Drewry,

was full on all the points made by the pleadings, and should have been retained and considered by the court on the hearing of the case.    The evidence of Drewry was excluded under § 1740 of annotated code, which provides that "a person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person."    The ruling of the court may be within the letter of the statute, but it is not within its spirit.    It has been said that the purpose of the statute is to close the mouth of the living party where death has closed the lips of the other, but here Hopper, though dead, still speaks, and his adversary should be heard also.    The reason of the law ceasing, the law also ceases.    The maxim, *"Qui haeret in litera, haeret in cortice,"* applies.

*The decree is reversed, and the cause is remanded.*